FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

2014 FEB 19  P 4: 19

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

-----------------------------------------------------X
CANOPIUS US INSURANCE, INC.,

        Plaintiff,    Case No. 1:14CV172-LMB-TRJ

v.

CRESCO, INC.; TK SERVICES, INC.; THE
WORLD OF TOUS LES JOURS, INC.;
PACIFIC REALTY, INC.
        Defendants.

-----------------------------------------------------X

Plaintiff, CANOPIUS US INSURANCE, INC. ("Canopius"), by and through its attorneys, Alan R. Siciliano, Jennifer L. Rowlett and the law firm DeCaro, Doran, Siciliano, Gallagher & DeBlasis, LLP as and for its Complaint for declaratory relief, alleges the following:

### INTRODUCTION

1. This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202. Plaintiff seeks this Court's determination concerning the respective rights and obligations of the parties under an insurance policy issued to CRESCO, INC. ("Cresco") in connection with certain claims.

2. An actual and justiciable controversy exists among the parties as to which a declaratory judgment setting forth their respective rights and obligations under the subject insurance policy is necessary and appropriate.

1

## JURISDICTION

3. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a).

4. Plaintiff Canopius is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1450 American Lane, Suite 1775, Schaumburg, IL 60173. Canopius is approved to issue insurance policies within this District.

5. Upon information and belief, Defendant CRESCO is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business at 8826 Sweet Gum Place, Springfield, Virginia 22153.

6. Defendant TK SERVICES, INC. ("TK") is a business organized and existing under the laws of the Commonwealth of Virginia with its principal place of business at 1000 Bernard Street, Alexandria, Virginia 22314.

7. Defendant THE WORLD OF TOUS LES JOURS, INC. ("WTLJ"); is a business organization organized and existing under the laws of the Commonwealth of Virginia with its principal place of business at 13834 Braddock Road, Suite #100, Centreville, Virginia 20121.

8. Defendant PACIFIC REALTY, INC. ("Pacific") is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business at 13822 Braddock Road, Centreville, Virginia 20121.

9. No defendants are domiciled in the State of Delaware.

10. Plaintiff and Defendants are, therefore, citizens of different states and this Court has original jurisdiction over this civil action based upon diversity of citizenship under 28 U.S.C. § 1332(a).

11. The amount in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs.

## VENUE

12. In this action, Plaintiff seeks a declaration of the parties' rights and liabilities with respect to insurance coverage for Defendant, Cresco Inc., relating to various claims against the policy made by Defendants WTLJ and Pacific and anticipated to be made by TK, arising out of construction work. Said claims arise out of damage to property owned by WTLJ located at 13834 Braddock Road, Suite #100, Centreville, Virginia 2012 and property owned by Pacific located at 13822 Braddock Road, Centreville, Virginia 2012. Said damage is alleged to have occurred on or about July 4, 2013.

13. Venue in this District is proper, pursuant to 28 U.S.C. § 1391(a)(2), as a substantial part of the events, acts, or omissions giving rise to the asserted claim took place in this District.

## NATURE OF CONTROVERSY

14. In this action, plaintiff seeks a declaration of the parties' rights and liabilities with respect to insurance coverage for Cresco Inc. in connection with the anticipated claims.

15. Canopius issued to Cresco Policy number OUS009039368, for the policy period October 25, 2012 to October 25, 2013 (the "Canopius Policy"). A true and correct copy of the Policy is attached hereto as Exhibit "A."

16. The Canopius policy includes a declarations page and related supplements that contain pertinent information provided by the insured Defendant, Cresco, in its application for insurance including:

    a. Cresco's representations that the company's scope of business is limited to trim work and painting services with classifications for carpentry and painting interior;

b. Cresco's representations that the company does not "draw plans, designs or specifications"; it does not perform "demolition work"; it does not perform "roofing work"; it does not "install, service or demonstrate products" or "perform structural work."

c. Cresco's representations that it does not subcontract work;

d. Cresco's representations that its operations are "artisan contractor 100%" and 0% as "general contractor" and "subcontractor."

e. Cresco's representations that its gross receipts were $65,000 for the application year and $95,000 for the previous year with an annual payroll of $15,000.

17. The policy also includes following relevant language and provisions:

**SECTION IV- COMMERCIAL GENERAL LIABILITY CONDITIONS**

   **6. Representations**
   By accepting this policy, you agree:
   a. The statement in the Declarations are accurate and complete;
   b. Those statements are based upon representations you made to us; and
   c. We have issued this policy in reliance upon your representations.

18. The declarations page and corresponding supplements contain a Classification Limitation Exclusion that provides:

   This insurance does not apply to "bodily injury", "Property damage", "advertising injury", "personal injury" or medical payments for operations which are not classified or shown on the Commercial Liability Coverage Declarations, its endorsements or supplement.

19. The policy contains a Total Mold Exclusion, which excludes coverage for any "'bodily injury', 'property damage', 'personal injury', 'advertising injury', 'medical payments'

arising out of, resulting from, caused by, contributed to, or in any way related to any 'mold'."

**Claims Made or Anticipated to be Made on the Canopius Policy**

20. Defendant WTLJ has made a claim under the Canopius policy for damages to its property arising out of construction work.

21. WTLJ operates as a bakery located at 1384 Braddock Road, Unit 100, Centreville, Virginia.

22. WTLJ retained TK Services, Inc. to act as management consultant/contractor to complete improvements at the bakery.

23. Upon information and belief, TK entered into a Subcontractor Agreement with Cresco.

24. Cresco also entered into a direct Contractor Agreement with one of WTLJ's owners, Erica Yoo. The Contractor Agreement provides that Cresco's scope of work was to perform all work necessary to complete the improvements to the space leased by WTLJ as permitted by the plans and drawings, except for a fire alarm system. The Agreement further provides that Cresco is to be paid $235,000.00 in certain installments. A true and correct copy of the contract is attached hereto as Exhibit "B."

25. Among the work that Cresco contracted to perform was the installation of a walk-in freezer.

26. Cresco entered into a subcontractor agreement with Smart HVAC to install a walk-in freezer.

27. WTLJ asserts that Cresco, either directly or through its subcontractor, improperly installed a walk-in freezer over an un-insulated floor. In addition, WTLJ further asserts that the

freezer is not functioning properly, which has allegedly resulted in the WTLJ's loss of thousands of dollars of frozen dough.

28. Defendant Pacific Realty, Inc. has made a claim that as a result of the improperly installed walk-in freezer, condensation from the freezer has entered its unit (adjoining WTLJ's unit) and caused mold and water damage to the drywall.

29. If either WTLJ or Pacific makes a claim against TK, it is anticipated that TK will make a claim for indemnity or contribution against Cresco for work performed by them.

**AS AND FOR THE FIRST CLAIM FOR RELIEF**
**(Policy Voided for Material Misrepresentation on Insurance Application)**

30. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "29" of this Complaint as if fully set forth at length herein.

31. In its insurance application, Cresco made several material misrepresentations regarding the nature and scope of its work as well as its financial state.

32. Specifically, in Cresco's application, Cresco noted that it provides "trim work & painting services" and included classifications for "carpentry" and "'painting interior" only. The application also states that Cresco is not a general contractor and does not subcontract work. Additionally, Cresco stated on the application that its gross receipts $65,000; however, Cresco's gross receipts for the year preceding the application were $2,000,000.

33. As it relates to the work at WTLJ, Cresco acted as the general contractor and retained numerous subcontractors to complete the improvements. The WTLJ Contractor Agreement, which provides that Cresco's scope of work was to perform all work necessary to complete the improvements as permitted by the plans and drawings and that Cresco would be paid $235,000.00 on an installment basis, predated Cresco's application for Insurance.

34. Canopius would not have issued this policy had it known that Cresco was acting as a general contractor, or at the very least, would have charged a significantly higher premium.

35. The aforementioned misrepresentations of material facts impact the risk, and as a result, the insurance policy should be voided.

36. By reason of the foregoing, Plaintiff is not obligated to defend or indemnify Cresco in any future actions, including the cross-claims.

### AS AND FOR THE SECOND CLAIM FOR RELIEF
(Application of the Classification Limitation Exclusion)

37. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "36" of this Complaint as if fully set forth at length herein.

38. The policy contains a Classification Limitation Exclusion which clearly and explicitly provides that the insurance does not apply to property damage for operations which are not classified or shown on the Commercial General Liability Coverage Declarations, its endorsements or supplements. This limitation of coverage applies to any work by Cresco that falls outside of the classifications on its declarations page, namely carpentry and interior painting.

39. The allegedly improper work was subcontracted work, which falls outside of the Canopius Policy's Classification Limitation Exclusion.

40. Setting aside the fact that Cresco did not actually perform the work at issue, WTLJ's claim involves the improper installation of a walk-in freezer, work which falls outside of the Policy's classifications of carpentry and interior painting.

41. Therefore, the Classification Limitation Exclusion bars coverage as to the WTLJ's claim.

### AS AND FOR THE THIRD CLAIM FOR RELIEF
### (Mold Exclusion)

42. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "41" of this Complaint as if fully set forth at length herein.

43. The claim by WTLJ alleges that the damage to its property was caused by work performed by Cresco that falls completely outside its policy classification.

44. The claim by Pacific alleges that the damage to its property was caused by work performed by Cresco that falls completely outside its policy classification. Additionally, Pacific's claim is for mold damage. The Canopius Policy specifically excludes all mold claims. The property damage for which WTLJ and Pacific seek damages falls outside of the classification of coverage and/or is expressly excluded from coverage under the Canopius Policy.

45. Plaintiff has no obligation to defend or pay claims to which the insurance does not apply.

46. By reason of the foregoing, Plaintiff is not obligated to defend or indemnify Cresco in any future actions, including the cross-claims.

**WHEREFORE**, Plaintiff demands judgment as follows:

### DECLARATION

A) Defendant Cresco's material representations on its insurance contract results in the policy being void ab initio.

B) The matters alleged by the Defendants WTLJ and Pacific arise from work that falls outside the classifications limitations and is therefore excluded from coverage.

C) The allegations of Pacific falls within the specific mold exclusion of the policy and is therefore excluded from coverage.

D) Any potential cross-claims against Cresco involve work that falls outside the classification limitations and are based on contractual liability;

E) Plaintiff is not obligated to defend Cresco on any individual or entity with respect to the claims made or anticipated claims, including the cross-claims;

F) Plaintiff is not obligated to indemnify Cresco or any individual or entity with respect to the claims, including the cross-claims;

G) As necessary and otherwise proper parties, all defendants named herein are bound by the Court's determinations herein, and have no right to make any claim under the Canopius Policy for any losses or damages.

H) Such other relief as the Court deems just and proper, together with reasonable attorneys' fees, costs and disbursements in this action.

Respectfully submitted,

CANOPIUS US INSURANCE, INC.,

DeCARO, DORAN, SICILIANO
  GALLAGHER & DeBLASIS, LLP

By: _____
Alan R. Siciliano (VSB #35117)
Jennifer L. Rowlett (VSB #81373)
3930 Walnut Street, Suite 250
Fairfax, Virginia 22030
T: 703-352-5175
F: 703-352-1256
E: asiciliano@decarodoran.com
E: jrowlett@decarodoran.com