IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CANOPIUS US INSURANCE, INC. )
)
)
    Plaintiff, )
)
v. ) 1:14cv172 (LMB/TRJ)
)
CRESCO, INC., et al. )
)
    Defendants. )

ORDER

On September 9, 2014, a magistrate judge issued a Report and Recommendation (Report) in which he recommended that plaintiff's Motion for Judgment by Default be granted. The Report advised the parties that any objections to the Report must be filed within 14 days and that failure to file timely objections waives appellate review of a judgment based on the Report. As of October 5, 2014, no objections have been filed.

Having reviewed the case file, the Motion for Judgment, and the Report, the Court is satisfied that there is subject matter jurisdiction in this court over this declaratory judgment action, personal jurisdiction over each defendant, and that venue is proper in this district. Moreover, each defendant has been served through personal service on their respective presidents or managers and no defendant has filed an answer or

otherwise responded to the complaint to date. Moreover, the Clerk of Court has entered a default as to each defendant.

On the merits, the Report correctly concluded that under the insurance policy at issue plaintiff is not obligated to defendant or indemnify any of the defendants. Accordingly, this Court adopts the Report in its totality and for the reasons stated in the Report, plaintiff's Motion for Judgment by Default is GRANTED, and it is hereby

ORDERED, ADJUDGED and DECREED that declaratory judgment be and is entered in favor of plaintiff Canopius Insurance, Inc. against defendants Cresco, Inc.; Pacific Realty, Inc.; TK Services, Inc.; and The World of Tous Les Jours, Inc., and it is further

ORDERED, ADJUDGED and DECREED that

1) Defendant Cresco, Inc.'s material misrepresentations on its application for insurance result in the Canopius Policy being void <u>ab initio</u>.

2) Any matters alleged by the defendants Cresco, Inc.; Pacific Realty, Inc.; TK Services, Inc.; and The World of Tous Les Jours, Inc. and any potential cross-claims alleged against Crecso, Inc. that arise from work that falls outside the classifications limitations in the Canopius Policy are excluded from coverage.

3) The mold allegations of Pacific Realty, Inc. fall within the specific mold exclusion of the policy and are therefore excluded from coverage.

4) Plaintiff is not obligated to defendant Cresco, Inc. or any other individual or entity with respect to the claims made or any anticipated claims, including the cross-claims.

5) Plaintiff is not obligated to indemnify Cresco, Inc. or any other individual or entity with respect to the claims, including cross-claims.

6) As necessary and otherwise proper, all defendants named herein are bound by the Court's determinations herein, and have no right to make any claim under the Canopius Policy for any losses or damages related to the incident at issue.

Lastly, plaintiff's request for attorneys' fees and costs is DENIED.

The Clerk is directed to enter judgment in the plaintiff's favor pursuant to Fed. R. Civ. P. 55 and forward copies of this Order to counsel of record for plaintiff and to defendants at the addresses listed in the case file.

Entered this 6th day of October, 2014.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge